UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VALENZUELA,<br><br>               Plaintiff,<br><br>   v.<br><br>WARDEN,<br><br>               Defendant. | Case No. 1:26-cv-01590-FJS (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

I.      <u>BACKGROUND</u>

Plaintiff Oscar Valenzuela ("Petitioner") is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 11, 2026, the court issued a minute order granting Respondent's motion for extension of time to file a response to the petition. (ECF No. 11.) On May 15, 2026, Respondent filed a motion to dismiss the petition. (ECF No. 12.)

On May 27, 2026, the court's May 11, 2026, minute order was returned as "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Petitioner did not file a notice of change of address or otherwise communicate with the court.[1]

II.    DISCUSSION

Petitioner is required to keep the court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Petitioner's address change was due no later than June 26, 2026. Petitioner failed to file a change of address and he has not otherwise been in contact with the court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in

[1] A review of the Federal Bureau of Prisons Inmate Locator Information website as of the date of this order lists Petitioner's location as Long Beach RRM, a Residential Reentry Management field office. The website includes an address to send staff mail but not inmate mail. The court takes judicial notice of public information stored on the BOP Inmate Locator Information website. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d. 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d. 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records). Accordingly, the court is unable to sua sponte update Petitioner's mailing address.

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the petitioner's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

deciding what to do; they are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given petitioner's failure to update his address, the expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. As Petitioner is proceeding in forma pauperis in this action, it appears monetary sanctions will be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Petitioner has ceased litigating his case and updating his address. More importantly, given the court's apparent inability to communicate with Petitioner, there are no other reasonable alternatives available to address Petitioner's failure to prosecute this action and his failure to apprise the court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

III.    ORDER AND RECOMMENDATION

Accordingly, the court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed, without prejudice, based on Petitioner's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: __**July 10, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE